# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

**WILLIAM GREEN HOOD, ET AL**      *     **CIVIL ACTION NO. 04-2194**

**VERSUS NO.**      *     **JUDGE JAMES**

**EL PASO FIELD SVC HOLDING CO**      *     **MAGISTRATE JUDGE HAYES**

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss Without Prejudice filed by Plaintiffs, William Green Hood, Ganie McCurry Farrar, and Jessie Mae McCurry pursuant to F.R.C.P. Rule 41(a)(2), seeking dismissal without prejudice of all claims filed by Plaintiff (Document No.11). The motion is unopposed. For reasons stated below, it is recommended that the motion be **GRANTED.**

Plaintiffs filed this action on September 22, 2004, seeking damages resulting from an alleged breach of Defendant's contract in a pipeline right-of-way, easement, and servitude agreement. Plaintiffs allege Defendant's agent made an oral promise to pay "the maximum amount paid per right-of-way rod by Gulf States Pipeline Corporation to any landowner along this particular line (Panda Line/GS-EX-76-1)." (Complaint ¶ 4). Plaintiffs allege that they received fifty-seven dollars ($57) per rod, but later learned that Defendant paid in excess of $225 dollars per rod to other similarly situated landowners along the same line. The present motion does not address the damages claim, but is only aimed at dismissal of the case without prejudice.

As a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second

lawsuit. *Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 317 (5th Cir. 2002). In *Elbaor*, the court proclaimed the purpose of Rule 41(a)(2) is to "prevent voluntary dismissals which unfairly affect the other side, and to permit imposition of curative conditions." *Id.* The *Elbaor* court set forth a test for deciding a Rule 41(a)(2) motion. The court should ask "whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant, grant the motion." *Id.*

Defendant has not filed an opposition to the motion, or any counterclaims against Plaintiffs. No scheduling order has issued, and there is no indication that any significant discovery has been conducted. Accordingly, Defendant does not suffer any plain legal prejudice other than the prospect of a second lawsuit, and **it is recommended that Plaintiffs' Motion to Dismiss Without Prejudice be GRANTED.**

Under the provisions of 28 U.S.C. §636(b)(1)(c) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objecttions within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 9th day of August, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE